CLARENCE JAMISON, Defendant Below-Appellant,
v.
STATE OF DELAWARE, Plaintiff Below-Appellee.
No. 332, 2009.
Supreme Court of Delaware.
Submitted: July 7, 2009.
Decided: July 21, 2009.
Before STEELE, Chief Justice, HOLLAND and RIDGELY, Justices

ORDER
MYRON T. STEELE, Chief Justice
This 21st day of July 2009, upon consideration of the appellant's opening brief and the appellee's motion to affirm pursuant to Supreme Court Rule 25(a), it appears to the Court that:
(1) The defendant-appellant, Clarence Jamison, filed an appeal from the Superior Court's May 29, 2009 order denying his motion for sentence reduction pursuant to Superior Court Criminal Rule 35. The plaintiff-appellee, the State of Delaware, has moved to affirm the Superior Court's judgment on the ground that it is manifest on the face of the opening brief that the appeal is without merit.[1] We agree and AFFIRM.
(2) In September 2005, Jamison was found guilty of two counts of Assault in the Second Degree and one count of Criminal Trespass in the Second Degree. On the first assault conviction, he was sentenced as a habitual offender to 8 years incarceration at Level V.[2] On each of the remaining two convictions, he was sentenced to a fine and a period of probation. Jamison did not file a direct appeal from his convictions and sentences.
(3) In January 2006, Jamison moved for sentence reduction. The Superior Court denied the motion. Jamison's appeal of that denial to this Court was dismissed as untimely. In February 2008, Jamison again moved for a reduction of his sentence. Again, the Superior Court denied the motion. This Court affirmed the Superior Court's judgment.[3] The instant appeal is from the Superior Court's denial of Jamison's third motion for sentence reduction.
(4) In this latest appeal, Jamison claims that the Superior Court erred and abused its discretion when it denied his motion for sentence reduction. According to Jamison, he should not have been sentenced as a habitual offender because the State did not produce sufficient evidence to support its claim that he had three separate out-of-state convictions. As such, Jamison argues, this matter should be remanded to the Superior Court so that he may be re-sentenced.
(5) This is the third Rule 35 motion filed by Jamison that claims he was erroneously sentenced as a habitual offender. This Court addressed that claim in Jamison's appeal from the Superior Court's denial of his second Rule 35 motion. We concluded as follows: ". . . the record reflects that Jamison had the requisite number of prior felony convictions to establish his habitual offender status. . . . Accordingly, his sentencing as a habitual offender under Section 4214(a) was entirely legal . . . . [and t]he Superior Court did not err in denying his motion for modification of sentence."[4] That ruling is now the law of the case.[5] As such, we conclude that Jamison's instant appeal is without merit and the Superior Court's judgment must be affirmed.
(6) It is manifest on the face of the opening brief that this appeal is without merit because the issues presented on appeal are controlled by settled Delaware law and, to the extent that judicial discretion is implicated, there was no abuse of discretion.
NOW, THEREFORE, IT IS ORDERED that the State of Delaware's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED.
NOTES
[1] Supr. Ct. R. 25(a).
[2] Del. Code Ann. tit. 11, § 4214(a).
[3] Jamison v. State, Del. Supr., No. 158, 2008, Berger, J. (Sept. 10, 2008).
[4] Id.
[5] Brittingham v. State, 705 A.2d 577, 579 (Del. 1998).